## MURMAN et v
## CITY SAVINGS BANK & TRUST CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13564.   Decided May 28, 1934

F. N. Secrest, Zanesville, for plaintiffs in error.

Sidney L. Geiger, Alliance, and Ewing & Hecker, Cleveland, for defendant in error.

MAUCK, PJ, and MIDDLETON, J, (4th Dist) and WILLIAMS, J, (6th Dist) sitting.

**560**

### OPINION

By WILLIAMS, J.

It appears from the pleadings and opening statements of counsel that in the spring of 1925 during the land boom in Florida, the defendants and several others contributed various sums of money to purchase land in that State and styled themselves The Nela Isle Syndicate. Under the agreement of the parties, Earl J. G. Lovett was made manager. In the course of the development of the property more money was needed and the note in question was given. The land boom, broke and the Syndicate was unable to pay the note. Thereupon a plan was proposed by some of them by which the different members of the Syndicate should subscribe forty percent of their original holdings in order to pay the debts of the concern. Many members contributed accordingly, but the defendants who are the plaintiffs in error here, declined to make any further subscription. Out of the funds so raised, the note in suit was acquired and turned over to the City Savings Bank & Trust Company of Alliance, Ohio, as trustee, and it is contended that only about $2500.00 or $3000.00 was in fact paid for it.

It is conceded by counsel, on both sides in their briefs, that the concern was a partnership although it seems to be, in some respects at least, more in the nature of a voluntary association. However, so far as this case is concerned, the rights would be the same in the settlement and adjustment of the concern's debts in either case.

In our judgment the trial court committed prejudicial error both in overruling the demurrer and in directing a verdict for plaintiff, for between the partners or members of the syndicate a right to an accounting was the proper remedy.

A portion of the partners or members of the syndicate could not acquire outstanding indebtedness at a reduced price and enforce it for the full amount against the others. The Trustee Bank, acting for certain of the partners who were themselves liable on the note, stood in their shoes and had no more right to obtain judgment against the other partners for the full amount than if the action had been brought by the beneficiaries of the trust arrangement.

It is true that the petition fully sets forth the facts and we are aware of the rule that the prayer is not controlling. However, as the proper remedy was an accounting between the partners, the Trustee could not pursue its remedy without bringing in all of the interested parties.

Upon retrial, the pleadings may be revamped, new parties made and such relief given by way of accounting as equity may require.

For the prejudicial error indicated, the judgment is reversed and the cause remanded for new trial.

MAUCK, PJ, and MIDDLETON, J, concur.